**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DANIEL WAYNE WALKER, § | |
|    Plaintiff, § | |
| § | CIVIL ACTION NO. |
| v. § | 3:10-CV-00536-M-BF |
| § | |
| NFN BOYD, ET AL, § | |
|    Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Under the authority of 28 U.S.C. §636(b), the District Court referred Defendant Dr. Waseem Ahmed's ("Dr. Ahmed") "Motion for Judgment on the Pleadings under FED.R.CIV.P. 12(c) and Brief in Support," filed July 8, 2010, for a recommendation for disposition of the motion. The findings, conclusions, and recommendation of the United States Magistrate Judge follow.

**Background**

Plaintiff, Daniel Wayne Walker ("Plaintiff"), filed this civil rights action on March 16, 2010. He alleges Dr. Ahmed violated his constitutional rights by denying him medical care and displaying deliberate indifference to his serious medical needs. On March 25, 2010, Plaintiff provided a Rule 7(a) reply detailing the alleged acts of Dr. Ahmed.

**Motion for Judgment on the Pleadings**

Dr. Ahmed argues that Plaintiff fails to plead a plausible claim under 42 U.S.C. § 1983 for the alleged denial of medical care and deliberate indifference to his serious medical needs. Dr. Ahmed also contends that Plaintiff fails to plead with sufficient specificity to overcome qualified immunity for public officials.

## Standard of Review

Judgment on the pleadings is appropriate when there are no disputed issues of fact and only questions of law remain. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). The central issue behind a Rule 12(c) motion is whether the complaint taken in a light most favorable to the plaintiff presents a valid claim for relief. *Id*. A motion for judgment on the pleadings under Rule 12(c) is treated the same way as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In reviewing a Rule 12(b)(6) motion to dismiss, the court will accept all well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). While well-pleaded facts are accepted as true, "threadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, do not suffice," and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is required under Rule 8 pleading that a complaint offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). A claim for relief will be considered a plausible claim if the well-pleaded facts provided by the plaintiff "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The defense of qualified immunity protects public officials in the course of performance of their discretionary duties unless their conduct violates "clearly established [federal] statutory or constitutional [law] . . . of which a reasonable person would have known." *Harlow v. Fitzgerald*,

2

457 U.S. 800, 818 (1982); *see also Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987). A right is clearly established if the contours of the right are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Anderson*, 483 U.S. at 640). The qualified immunity defense was intended to balance the need to stem abuses of office with avoiding the unnecessary expense of litigation, the diversion of official energy from pressing public issues, and deterrence from government service. *Harlow*, 457 U.S. at 818; *see also Scheuer v. Rhodes*, 416 U.S. 232, 247 (1974). It protects these competing interests while allowing trial courts to resolve "insubstantial claims" before discovery and trial. *Harlow*, 457 U.S. at 818; *see also Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985) (noting *Harlow* recognized officials are entitled to be free from "overwhelming preliminaries of modern litigation" until the court considers the right to immunity).

## Analysis

Dr. Ahmed claims that Plaintiff does not plead sufficient facts to establish a plausible claim that the doctor violated Plaintiff's clearly established civil rights. To state a civil rights claim under 42 U.S.C. §1983,[1] a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and demonstrate that a person acting under color of state law violated that right. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002).

---

[1] The terms of 42 U.S.C. § 1983 state in pertinent part:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To prove a claim of deliberate indifference to medical needs, a plaintiff must show "objective exposure to a risk of substantial harm" and that prison officials "acted or failed to act with deliberate indifference to that risk." *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). A prison official's deliberate indifference to a prisoner's serious medical needs constitutes "the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). When a qualified immunity defense is involved, the pleading standard is heightened and requires that plaintiffs "plead their case with precision and factual specificity." *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003). A court considering a qualified immunity defense must first consider whether, "taken in the light most favorable to the party asserting the injury, [ ] the facts alleged show the officer violated a constitutional right." *Saucier*, 533 U.S. at 201 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). The Court must then determine whether the official's conduct was objectively reasonable under the circumstances. *See Siegert*, 500 U.S. at 231.

This Court ordered Plaintiff to file a Rule 7(a) Reply because his claims lacked specificity and particularity as to the acts, conduct, or omissions with respect to Dr. Ahmed that would overcome Dr. Ahmed's qualified immunity defense. In his Reply, Plaintiff alleges that when Dr. Ahmed first examined Plaintiff, Dr. Ahmed immediately called an ambulance which took Plaintiff to Parkland Hospital for treatment. Plaintiff also alleges that Dr. Ahmed placed Plaintiff on suicide precautions based on a nurse's report that she was afraid Plaintiff was going to hurt himself with his heart medication when he returned to jail from Parkland Hospital.

Plaintiff admits that Dr. Ahmed did not ignore his medical complaints and immediately sent him to the hospital for treatment. It is unclear how Dr. Ahmed's placing Plaintiff on suicide

4

precaution as a result of a report from a nurse who had treated Plaintiff could constitute violation of a clearly established constitutional right. It appears to be the very opposite, a doctor's precautionary measures pending further investigation. Plaintiff admits that after the investigation, he was taken off suicide precaution and returned to his cell. Thus, after supplementing his pleadings, Plaintiff fails to state a plausible cause of action against Dr. Ahmed. Plaintiff's claims against Dr. Ahmed should be dismissed on the pleadings for failure to state a plausible claim for denial of a clearly established constitutional right.

## RECOMMENDATION

This Court recommends that the District Court grant Dr. Ahmed's Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Taking Plaintiff's allegations in the entire record most favorably to him and construing them liberally, Plaintiff has failed to allege sufficient facts to support his claim that Dr. Ahmed violated a clearly established constitutional right by sending him to the hospital for treatment and by placing him on suicide precaution pending investigation after his return to jail.

SO RECOMMENDED, August 23, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).