IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL WAYNE WALKER, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:10-CV-00536-M-BF |
| | § | |
| NFN BOYD, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

This case is referred to the United States Magistrate Judge for pretrial management. Before the Court for consideration are the Motion for Summary Judgment ("Motion," doc. 61) of Officers James Boyd ("Officer Boyd") and Tashara Caldwell-Tucker ("Officer Tucker") (collectively, "Defendants") and the "Motion for Summary Judgment ("Pl.'s Mot.," doc. 66) of Plaintiff Daniel Wayne Walker ("Plaintiff").[1] The Court has considered the motions and all of the pleadings relating to these motions. The findings, conclusions, and recommendation of the United States Magistrate Judge follow.

**Background**

Plaintiff filed this civil rights action on March 16, 2010. He alleges Officers Boyd and Tucker, employees of the Dallas County Sheriff's Department ("DCSD"), violated his constitutional rights by denying him medical care and displaying deliberate indifference to his serious medical needs while he was a pretrial detainee in the Dallas County Jail ("Jail").[2]

---

[1] Plaintiff did not file a response to Defendants' Motion for Summary Judgment, but Plaintiff's Motion is in the nature of a response. Accordingly, the Court will treat it as such.

[2] Plaintiff also sued a treating doctor who has been dismissed from this case, Dr. Ahmed.

## Defendants' Motion for Summary Judgment

Defendants contend that Plaintiff's § 1983 action must be dismissed because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Further, Defendants have asserted the defenses of qualified and official immunity to Plaintiff's claims. Defendants also contend that Officer Tucker was not working at the Jail on March 4, 2010, the day Plaintiff claims she violated his constitutional rights. Defendants also argue that the evidence in the summary judgment record fails to raise a genuine issue of material fact as to any denial of medical care by Officer Boyd. Further, they assert that the summary judgment record does not show that Officer Boyd acted with deliberate indifference. Plaintiff's Motion/Response attempts to dispute these contentions.

## Standard of Review

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgement is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly

supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of [Title 42 of the United States Code], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending. *Wendell v. Asher,* 162 F.3d 887, 890 (5th Cir.1998). A prisoner must exhaust prison grievance remedies before he can pursue a civil rights claim pursuant to 42 U.S.C. § 1983. *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Exhaustion is mandatory "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S.

731, 741 n. 6 (2001). The PLRA requires a prisoner "to exhaust 'available' 'remedies,' whatever they may be"; the "failure to do so prevents him from pursuing a federal lawsuit at this time." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001). The court is not required to determine whether a prisoner "has reasonably and in good-faith pursued his administrative remedies." *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir.2003) (quoting *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir.1998)). Courts apply the exhaustion requirement strictly. *Days,* 322 F.3d at 866. A prisoner must "pursue the grievance to a conclusion." *Wright*, 260 F.3d at 358. Although the Fifth Circuit has taken a "strict approach" to the exhaustion requirement, it" 'may be subject to certain defenses such as waiver, estoppel, or equitable tolling.'" *Id.* (quoting *Wendell*, 162 F.3d at 890).

## **Analysis**

Plaintiff failed to exhaust his administrative remedies as required by the PLRA. He filed suit twelve days after the March 4, 2010 events of which he complains. This was nine days after he filed a step-one grievance and a day before he received a response. (Defs.' App. 20-23.) Plaintiff admits he failed to file a step-2 appeal and that the grievance records Defendants submitted are authentic. (*Id.* 20-25.) Plaintiff contends that any appeal was futile because the Grievance Board answered his step-one grievance by stating he had been moved to new housing. Despite this answer, exhaustion required Plaintiff to file a step two appeal. Applying the rule strictly, the Court should dismiss Plaintiff's claims without prejudice until he has complied with the grievance procedure. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). However, Defendants have addressed the Plaintiff's claims on the merits. As the Court will fully explain, Defendants are entitled to judgment as a matter of law. For this reason, the Court finds that exhaustion would be futile and does not recommend dismissal for failure to exhaust administrative remedies.

4

### Claims Against Officer Tucker

Plaintiff alleges that Officer Tucker violated his constitutional rights on March 4, 2010, by denying him necessary medical care. The record conclusively shows that Officer Tucker was not working in the Jail on March 4, 2010. (Defs.' App. 4, 26-29, 104-05.) Plaintiff does not contest the authenticity of the Jail employment records. He claims instead that the Sheriff's Department "perjured itself" because the legal advisor accepted service on behalf of the wrong "Officer Tucker." However, the record shows that no female officer named Officer Tucker was working floor 4-East on March 4, 2010. (*Id.* 26.) Plaintiff has failed to show a genuine issue of material fact with respect to an essential element of his claim against Officer Tucker. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims against Officer Tucker. Plaintiff's motion for summary judgment against Officer Tucker must be denied.

### Plaintiff's Claims Against Officer Boyd

Plaintiff claims that while he was an inmate in the Jail, Officer Boyd acted with deliberate indifference to a significant risk to his health by taking him to a holding cell to await medical personnel. Plaintiff claims that this caused him delay in receiving medical treatment and resulted in substantial harm. Officer Boyd denies Plaintiff's claims and raises the defense of qualified immunity.

A government employee may assert the affirmative defense of qualified immunity to a suit for a civil rights violation under § 1983. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages--to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457

5

U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Immunity questions should be resolved at the earliest possible stage in the litigation because qualified immunity extends to immunity from suit, not merely immunity from liability. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

A court considering whether a defendant is entitled to qualified immunity conducts a two-pronged inquiry. One prong entails a court's consideration of whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan,* ___ U.S. ___, 129 S. Ct. 808, 818 (2009). The other prong requires a court to determine within the specific context of the case whether the violated constitutional right was clearly established at the time in question. *Id.* at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202. The court has discretion to decide which of the two prongs to address first based upon the circumstances of the case. *Pearson*, 129 S. Ct. at 818; *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). If the court answers both the constitutional violation and the clearly established question in the affirmative, the officer is not entitled to qualified immunity. *Lytle*, 560 F.3d at 410. Current law applies to the constitutional violation, but the law at the time of the incident applies to the clearly established prong; therefore, two different tests may be applicable in a given case. *See Bush v. Strain*, 513 F.3d 492, 500 (5th Cir. 2008).

Although qualified immunity is nominally an affirmative defense, the plaintiff has the burden to negate the defense once it has been properly raised. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th

Cir. 2008). "The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority." *Bazan ex rel. Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001). This done, the burden shifts to the plaintiff to rebut the qualified immunity defense. *Id.*

In this case, Officer Boyd properly raised the issue of his qualified immunity, therefore, the burden of negating that defense lies with Plaintiff, even on summary judgment. *See Bazan,* 246 F.3d at 490.

**Deliberate Indifference to Serious Medical Needs**

"A claim for relief under [42 U.S.C.] § 1983 must allege the deprivation of a right secured by the Constitution or laws of the United States by a defendant acting under color of state law." *Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002). As an employee of a state agency, Officer Boyd was acting under the color of state law. To state a claim for deprivation of medical care, Plaintiff must show that Officer Boyd's actions or omissions were deliberately indifferent to Plaintiff's medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998). Deliberate indifference occurs when the state actor is aware of and disregards a serious medical condition of the plaintiff. *Farmer*, 511 U.S. at 837. In addition, the state actor must be aware of facts "from which the inference could be drawn that a substantial risk of harm exists," and the state actor must also draw such an inference. *Id.* An inmate's disagreement with the kind of medical treatment that he has received is insufficient as a matter of law to state an Eighth Amendment violation. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977). Federal courts will not inquire into the adequacy or sufficiency of medical care of state

7

inmates unless prison officials appear to have abused the broad discretion which they possess in this area. *Haskew v. Wainwright*, 429 F.2d 525, 526 (5th Cir. 1970).

The Court will first consider whether Plaintiff has shown that Officer Boyd violated any of his constitutional rights. As stated, Plaintiff claims that Officer Boyd was indifferent to his complaints and his need for health care on March 4, 2010. Plaintiff fails to offer evidence to show that Officer Boyd denied him medical care or even delayed it significantly. Plaintiff complains that Officer Boyd took him to a holding cell where medical personnel came to see him, rather than taking him directly to the infirmary. The record does not support an inference that Plaintiff's receiving medical care in the holding cell caused a harmful delay. Moreover, Plaintiff fails to dispute the authenticity or accuracy of medical records which show that he did receive timely medical care. (Doc. 66.) Defendants' evidence is undisputed; Plaintiff has not pointed to evidence that controverts it. Plaintiff was promptly examined by medical nurses and a doctor at the Jail on March 4, 2010, and then transported to Parkland Hospital. (Defs.' App. 18, 54, 56, 59-61.) An EKG taken at the Jail showed normal results. (*Id*. 54.) Cardiac testing at Parkland Hospital showed that all of Plaintiff's "cardiac enzymes were within normal limits and [Plaintiff's] EKG did not show any changes or evidence of acute heart disease. (*Id*. 60-61.) Plaintiff was discharged from Parkland Hospital the same day that he was admitted and transferred back to the Jail with a prescription of Ibuprofen and an oral antibiotic. (*Id*.)

The record supports the fact that Officer Boyd did not disregard Plaintiff's serious medical condition. Plaintiff has failed to raise a genuine issue of material fact with respect to an essential element of his claim. Therefore, contrary to Plaintiff's allegations, Officer Boyd was not

8

deliberately indifferent to his medical needs, and he is entitled to qualified immunity.[3]

**Recommendation**

Plaintiff failed to establish a genuine issue of material fact with respect to essential elements of his claims against Officers Boyd and Tucker. Accordingly, the Court recommends that the District Court grant Defendants' Motion for Summary Judgment (doc. 61). Plaintiff has failed to show that he is entitled to summary judgment on any claim. The Court recommends that Plaintiff's Motion for Summary Judgment (doc. 66) be denied.

SIGNED, March 28, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not address the second prong of the qualified immunity analysis because Officer Boyd did not violate any of Plaintiff's Constitutional rights.

# **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).